| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER and NOTICE |
| | ) | |
| JUSTIN MATTHEW | ) | |
| _____ | ) | |

**THIS MATTER** is before this Court upon the defendant's letters inquiring about the status of his appeal. (Doc. Nos. 36, 37).

Judgment was entered on the defendant's sentence on October 3, 2007. (Doc. No. 34). In December 2007, he wrote the Clerk of Court regarding an appeal he stated that he requested at his sentencing on September 17, 2007. (Doc. No. 36). The Clerk responded that no appeal had been docketed and that he should contact his attorney. (Doc. No. 36-2).

In January 2008, the defendant wrote another letter to the Clerk. (Doc. No. 37). He stated that he "conferred with [his] lawyer to file an appeal of [his] sentencing and/or conviction," and expressed his concern that his lawyer did not do what was asked almost four months ago. The failure of a lawyer to file an appeal when requested to do so is ineffective assistance of counsel that can be remedied pursuant to 28 U.S.C. § 2255. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). If a petitioner establishes such a claim, the original judgment is vacated, and a new judgment is entered from which direct appeal can be taken. Id.

It cannot be said with certainty that the defendant intended for his letter to initiate a claim under § 2255. Therefore, the Court advises the defendant of the following: (1) the Court intends to construe his letters as a Motion to Vacate pursuant to 28 U.S.C. § 2255; (2) if so construed, the

Court will provide the defendant with an opportunity to supplement or amend his motion, to the extent permitted by law; and (3) a consequence of converting the defendant's letters into a § 2255 motion is that any later attempt by the defendant to file a § 2255 motion would be subject to dismissal as a second or successive petition. United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002).

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which amended § 2255. The one-year limitation period in which to file a motion under § 2255 runs from the latest of "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Here, it appears that the judgment became final on October 18, 2007, when no appeal was filed.

Generally, second or successive motions under § 2255 are prohibited. In order to be heard, a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  If not certified, the district court must dismiss the second or successive petition. Rules Governing Section 2255 Proceedings 4(b) and 9.

**IT IS, THEREFORE, ORDERED** that the Defendant has twenty (20) days to respond to this Order and indicate whether he requests that the Court to consider his letters as a motion under § 2255.  The failure to respond will result in the Court construing the letters as a motion under § 2255 and proceeding accordingly.

The Clerk is directed to send copies of this Order and Notice to the parties, including Justin Gunsian Matthews, Alamance County Detention Center, 104 South Maple Street, Graham, North Carolina, 27253.

Signed: February 11, 2008

Robert J. Conrad, Jr.
Chief United States District Judge