IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00111-RJC
(3:06-cr-00016-RJC-1)

| | |
|---|---|
| JUSTIN MATTHEW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which he filed pursuant to 28 U.S.C. § 2255, and his Motion to Amend which the Court will allow for reasons discussed herein. After considering the record in this matter, the Court finds that Petitioner's § 2255 Motion to Vacate, as amended, will be dismissed.

I.  BACKGROUND

On January 24, 2006, Petitioner was indicted in this District on one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b) (Count 1), and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 2). (3:06-cr-00016, Doc. 1: Indictment).

On October 10, 2006, Petitioner appeared for his Plea and Rule 11 hearing to enter a guilty plea to both counts in his indictment without a plea agreement. Petitioner was placed under oath and he averred that he understood the elements of Counts 1 and 2 and the potential penalties he faced upon conviction and he admitted that he was in fact guilty of the charged counts and that he was waiving his right to contest the charges at trial. Petitioner swore that no

1

one had promised him any particular sentence, that he and his attorney had sufficient time to discuss any possible defenses, and that he was satisfied with the services of his attorney. Petitioner's answers to the questions posed by the court were presented to him to review and he signed the acceptance of plea form indicating that the answers that he provided were true, and the court found that Petitioner's plea was knowing and voluntary and it was accepted and recorded. (Id., Doc. No. 25: Acceptance and Entry of Guilty Plea).

The U.S. Probation Office prepared a presentence report ("PSR") that summarized the facts surrounding Petitioner's arrest. The PSR noted that on December 13, 2005, Petitioner was driving a maroon colored Ford Taurus. Officer Swaney of the Charlotte-Mecklenburg Police Department ("CMPD") clocked the Taurus at 51 mph in a 35 mph zone and he activated his siren and Petitioner pulled over. Officer Swaney then approached the stopped vehicle and immediately noticed a silver handgun in plain view on the passenger seat. Petitioner volunteered that he had another handgun in the front seat and while he was talking with Petitioner, Officer Swaney noticed a moderate odor of marijuana coming from the vehicle. Officer Swaney then secured the two handguns and signaled for additional patrol units. As Officer Swaney waited on the back-up units, he noticed the handguns each had live rounds in the chamber and there were magazines inserted. After running Petitioner's background, Officer Swaney learned that Petitioner's driver's license had been permanently revoked and he was placed under arrest and charged with Driving While License Revoked ("DWLR") and speeding. Officer Swaney patted Petitioner down to search for additional weapons and discovered two fully-loaded ammunition magazines in Petitioner's front pockets. Inside the rear of the vehicle, Officer Swaney found a backpack which contained a blue colored scale with marijuana residue on the scale and eighteen individually wrapped packages containing marijuana that was later found to weigh 197.4 grams. After this

discovery, Petitioner was charged with possession with intent to sell marijuana and maintaining a vehicle for the sale of a controlled substance. Petitioner was transported to the police station and during intake, officers found that Petitioner was wearing a bulletproof vest underneath his shirt. Petitioner explained that he wore the vest because he had been shot in 2004, and that he carried the guns for protection. (Id., Doc. No. 57: PSR ¶¶ 5-7).

On September 17, 2007, Petitioner appeared for his sentencing hearing and Petitioner confirmed that the answers that he had given during his Rule 11 hearing were true, and Petitioner stipulated that there was a factual basis to support his guilty plea. The Court found that based on the stipulated factual basis and Petitioner's admissions, the plea was knowing and voluntary and it was therefore accepted. Petitioner filed one objection to the PSR which was to a four-level enhancement for wearing body armor at the time he was arrested for the marijuana distribution and gun offenses. (Id. ¶ 16) (citing U.S. Sentencing Guidelines Manual ("USSG") § 3B1.5) (2006). Petitioner's objection was overruled after the Court found that the presence of a significant quantity of individually wrapped packages of marijuana, when considered together with the loaded weapons supported the enhancement because it appeared that Petitioner was wearing the armor while he was actively trafficking marijuana. (Id., Doc. No. 50, Sent. Tr. at 5-6).

Petitioner was sentenced to a term of 10 months imprisonment on Count 1 and a mandatory, consecutive term of 60 months imprisonment on Count 3, and he did not immediately appeal. (Id., Doc. No. 34). On April 30, 2008, after Petitioner's time to appeal expired, he filed a § 2255 motion to vacate in which he argued that his attorney failed to file a notice of appeal even though Petitioner had instructed him to do so. (Civil Case. No. 3:08-cv-00190, Doc. No. 1: Motion to Vacate). After conducting an evidentiary hearing, the Court found

Petitioner's testimony that his attorney failed to file a notice of appeal after being directed to do so was credible. Petitioner's judgment was vacated and Petitioner filed an appeal from the amended judgment.

On appeal, Petitioner again challenged the application of the four-level enhancement that was applied for wearing a bulletproof vest while trafficking marijuana. The Court rejected Petitioner's argument after noting that the factual findings at sentencing supported the enhancement and Petitioner's judgment was affirmed. See United States v. Matthew, 451 F. App'x 296 (4th Cir. 2011) (unpublished). In this collateral proceeding, Petitioner raises claims of ineffective assistance of counsel in his initial motion, and he has filed a motion to amend to include a claim that his guilty plea was not knowing and voluntary based on ineffective assistance of counsel.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective

standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

A.    Ground One

Petitioner first argues that his counsel was ineffective for failing to file a motion to suppress the marijuana that was discovered following a warrantless search of his vehicle which

5

occurred after he was arrested. Petitioner contends that counsel should have informed the Court about the case of Arizona v. Gant, 556 U.S. 332 (2009), which he states was pending before the Supreme Court at the time that he was sentenced. (3:13-cv-00111, Doc. No. 1-1 at 2). In Gant, the Court addressed the scope of the governing rule that "searches outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." Id. at 338 (quoting Katz v. United States, 389 U.S. 347, 357 (1967)). Petitioner's argument fails for three reasons.

First, the Court observes that "there is no general duty on the part of defense counsel to anticipate changes in the law." Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989) (internal citation omitted). In other words, to the extent Petitioner believes that the Gant case would have assisted him, the Court finds that his trial counsel was not ineffective in failing to "anticipate a change in existing law." Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995). Furthermore, the Supreme Court granted certiorari in the Gant case on February 25, 2008, and it was not decided until April 21, 2009, and Petitioner was sentenced on September 17, 2007, therefore Petitioner's contention that his attorney was ineffective for failing to argue for relief under Gant is baseless. See Arizona v. Gant, 552 U.S. 1230 (Feb. 25, 2000) (granting certiorari).

Second, by entering a knowing and voluntary guilty plea, Petitioner waived his right to argue that his attorney was ineffective in failing to file a motion to suppress. As the Supreme Court explained in Tollett v. Henderson, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." Consequently, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged,

6

he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973).[1]

Finally, in order to prevail on an ineffective assistance of counsel claim in the context of a motion to suppress, the petitioner bears the burden of demonstrating that the motion would have been successful. See United States v. Madewell, 917 F.2d 301, 304 (7th Cir. 1990) (holding that there was no ineffective assistance of counsel when motion to suppress was unlikely to prevail).

Officers are permitted to conduct a warrantless search of a vehicle if the search is supported by probable cause. See Carroll v. United States, 267 U.S. 132 (1925). See also United States v. Kelly, 592 F.3d 586, 590 (4th Cir. 2010) ("once police have probable cause, they may search 'every part of the vehicle and its contents that may conceal the object of the search.'") (quoting United States v. Ross, 456 U.S. 798, 815 (1982)).

According to the evidence in Petitioner's PSR, after Officer Swaney approached Petitioner's stopped vehicle, and while speaking with the Petitioner, Swaney observed a handgun, and he noticed an odor of marijuana coming from the vehicle. (3:06-cr-00016, Doc. No. 57: PSR ¶ 5). Prior to sentencing, Petitioner filed only one objection to the PSR which focused solely on the application of the four-level enhancement for wearing a bulletproof vest

---

[1] There is a clear exception for claims that a plea was not knowing and voluntary. This Court's review of the record demonstrates that any such challenge to his guilty plea must fail. As is well-established, a petitioner is bound by his sworn statements which he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted and his guilty plea was knowingly and voluntarily made. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). The Court notes, in particular, that during his Rule 11 hearing, Petitioner averred that he and his counsel had sufficient time to discuss any possible defenses that he could present prior to pleading guilty. (3:06-cr-00016, Doc. No. 25: Acceptance and Entry of Guilty Plea ¶ 25).

during his drug distribution offense. The Court overruled this objection during sentencing and adopted the contents of the PSR without change. (Id., Doc. No. 35: Statement of Reasons at 1). A sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). "When a defendant fails to properly object to the relevant findings in his PSR, the government meets its burden of proving those facts by a preponderance of the evidence, and the district court 'is free to adopt the findings of the presentence report without more specific inquiry or explanation.'" United States v, Revels, 455 F.3d 448, 451 n.2 (4th Cir. 2006) (quoting United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990)).

The Court finds that the presence of two loaded handguns on Petitioner's front seat, when considered together with the odor of marijuana detected by Officer Swaney, provided probable cause for a search of Petitioner's legally stopped vehicle. See, e.g., United States v. Humphries, 372 F.3d 653, 658 (4th Cir. 2004) ("the smell of marijuana emanating from a properly stopped automobile constituted probable cause to believe that marijuana was in the vehicle, justifying the search.") (citing United States v. Sheetz, 293 F.3d 175, 184 (4th Cir. 2002); United States v. McSween, 53 F.3d 684, 686-87 (5th Cir. 1995) (noting cases holding that "the smell of marihuana alone may be grounds enough for a finding of probable cause"); United States v. Winters, 221 F.3d 1039, 1041 (8th Cir. 2000) (affirming district court's order denying motion to suppress discovery of drugs after officer smelled marijuana and search entire vehicle); and United States v. Newmann, 183 F.3d 753, 756 (8th Cir. 1999) (same)).

Moreover, Petitioner was already under arrest for driving with a revoked license at the time the search was conducted, thus it is likely that he would have been transported to booking notwithstanding the discovery of marijuana and scales, and after the bulletproof vest was

8

discovered it appears inevitable that officers would have obtained a search warrant and discovered the drugs.

For the reasons stated, the Court finds that this first claim for relief is without merit.

B.     Ground Two

Petitioner next argues that his counsel was ineffective in failing to object to the § 924(c)(1) charge. This statute provides, in relevant part, that:

> any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime— be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(i).

Petitioner contends that his counsel should have challenged the § 924(c)(1) charge because Petitioner was not a convicted felon at the time he possessed the firearms that were seized following his December 2005 arrest. (3:13-cv-00111, Doc. No. 1-1 at 4-5). This claim will be overruled for the simple reason that Petitioner was not charged with being a felon-in-possession of a firearm.

Petitioner also challenges the § 924(c)(1) conviction based on his contention that he did not "use" or "carry" the firearm in connection with a drug trafficking crime. (Id. at 5). This argument is an attempt to challenge the knowing and voluntary nature of Petitioner's guilty plea. However, as noted herein, Petitioner averred during his Rule 11 hearing that he understood the elements of the § 924(c)(1) charge and that he was in fact guilty of the charge, and Petitioner confirmed during sentencing that the answers he provided during the Rule 11 hearing were true and correct. Accordingly, this claim will be dismissed.

C.	Ground Three

Here, Petitioner renews his claim that his attorney was ineffective in failing to file a motion to suppress evidence which was discovered after his December 2005 traffic stop. (Id. at 6). For the reasons previously given, this claim will be dismissed.

D.	Motion to Amend

Petitioner moves to amend his § 2255 Motion to Vacate to include a claim that his guilty plea was not knowing and voluntary because his counsel was ineffective during the plea bargaining phase of his case. (Id., Doc. No. 2 at 3). Petitioner contends he advised his attorney that the marijuana that was discovered in his trunk "was not for resale/distribution and was strictly for his personal use." (Id.). Petitioner also argues that he was advised by counsel that the only way to resolve the charges was to enter an "open plea" and then move for dismissal of the marijuana trafficking charge. Petitioner maintains that if he had been properly advised then he would have chosen to contest the trafficking charge.

Whether a petitioner may amend his § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Rule 15(a) provides that a party may amend his pleading once as a matter of right within 21-days of service or within 21-days after service of a responsive pleading. Fed. R. Civ. P. 15(a). However, where a petitioner seeks to amend his motion in order to add a claim that is otherwise barred by the applicable statute of limitations, Rule 15(c)(1) requires that the claim must relate back to the date the original pleading was filed. See Pittman, supra. Rule 15(c)(1)(B) provides that a motion relates back when "it asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

Petitioner's judgment was affirmed by the Fourth Circuit on October 24, 2011, and he did not file a petition for a writ of certiorari, therefore his § 2255 motion must have been filed by January 23, 2013. See § 2255(f)(1) (providing that motion must be filed within one year from date judgment is final). See also Clay v. United States, 537 U.S. 522, 532 (2003) (judgment final when time for filing certiorari petition expires). Petitioner's motion to vacate was filed on January 16, 2013, which is the day he avers that he placed it in the prison mailing system and the motion is therefore timely. See Houston v. Lack, 487 U.S. 266, 276 (1988). Petitioner's motion to amend was placed in the prison mailing system on March 25, 2015, at the earliest. (Id. at 8).

In his original § 2255 Motion, Petitioner raised contentions that his guilty plea was not knowing and voluntary and he argued that his counsel should have challenged the trafficking charge. Accordingly, the Court finds that his motion to amend should be allowed as it relates back to the general contentions in his initial motion. However, the claims regarding the voluntary nature of his guilty plea will be denied for the reasons stated herein. Namely, the record demonstrates that Petitioner's guilty plea was knowing and voluntary and his late, self-serving claims that he is innocent of drug distribution because the marijuana was for personal use; that the firearm was not part of the drug trafficking crime and that he was legally allowed to possess the firearm; and that he was pressured into pleading guilty are all claims that are defeated by Petitioner's sworn statements during his Rule 11 hearing.[2]

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 Motion, as amended, is without merit and it will be dismissed.

---

[2] In Petitioner's PSR, the evidence shows the marijuana that was recovered from his trunk was separated into eighteen bags which weighed a combined 197.4 grams. (3:06-cr-00016, Doc. 57: PSR ¶ 7). As noted, Petitioner did not object to this finding at sentencing and his present contention that the marijuana was strictly for personal use is simply baseless.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Amend his § 2255 Motion to Vacate is **GRANTED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Petitioner's § 2255 Motion to Vacate, as amended, is **DENIED** and **DISMISSED with prejudice**. (Doc. Nos. 1, 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Signed: October 8, 2015

Robert J. Conrad, Jr.
United States District Judge